UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JAMES LEGATE,                          §
                                       §
            Plaintiff,                 §
VS.                                    §          CIVIL ACTION NO. 2:13-CV-148
                                       §
WILLIAM STEPHENS, *et al*,             §
                                       §
            Defendants.                §

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff James Legate is a prisoner in the Texas Department of Criminal Justice,
Criminal Institutions Division ("TDCJ-CID), and is currently confined at the McConnell
Unit in Beeville, Texas.  Plaintiff filed this lawsuit on May 24, 2012, challenging as
unconstitutional certain policies and practices of the TDCJ-CID that plaintiff claims
violate his First Amendment right to practice his Native American religion, and also his
statutory rights under the Religious Land Use and Institutionalized Persons Act
("RLUIPA").  He named as defendants the TDCJ-CID Director William Stephens,[1] and
the Native American Program Analyst, Clint Morris.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321
(1996), any prisoner action brought under federal law must be dismissed if the complaint
is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks
monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28

---

[1] Plaintiff named former TDCJ-CID Director Rick Thaler; however, William Stephens is the new TDCJ-CID
Director, and he is therefore substituted in as the proper defendant.  The docket will be changed to reflect the proper
defendant.

U.S.C. §§ 1915(e)(2), 1915A.   Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that the Court retain plaintiff's First Amendment and RLUIPA claims for injunctive relief against defendant William Stephens, and that service be ordered on this defendant in his official capacity only.  It is respectfully recommended further that plaintiff's claims against Clint Morris be dismissed without prejudice.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. PLAINTIFF'S ALLEGATIONS

A Spears[1] hearing was held on July 10, 2013.  The following allegations were made in plaintiff's original complaint (D.E. 1), or at the hearing:

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Plaintiff has been in TDCJ-CID custody since 1999, serving a 99-year sentence for murder.  He is in general population and lives in a dorm-like setting, not a cell.  Plaintiff is Native American, and in 2002 he began studying and practicing the Native American faith.   Tenets of his faith include: pipe ceremonies in which prayers are offered to the Creator; the wearing of a medicine bag or pouch at all times to protect him from evil; not cutting one's hair except in mourning or upon death; sweat lodges for purification;[2] and the celebration of certain holy days to honor those Native American tribes that were massacred.

Plaintiff contends that the TDCJ-CID grooming policy, as well as other security and health policies, impinge on and substantially burden his ability to practice his faith in violation of the First Amendment and RLUIPA.   The TDCJ-CID grooming policy requires that plaintiff cut his hair and he is not permitted to let it grow, or even to maintain a kouplock.[3]  Although a Native American chaplain conducts circle ceremonies once a month, plaintiff is not permitted to smoke either a personal or a communal pipe at the ceremony.  Plaintiff is permitted to wear his medicine pouch outside of his housing area on Thursdays when going to or from a Native American class or ceremony, but he is not permitted to possess it while at work in the garment factory or in the chow hall.

---

[2] Plaintiff testified that the McConnell Unit is designated as a Native American Unit, but it does provide a sweat lodge, and he noted that certain federal correctional facilities do offer such an accommodation. However, plaintiff abandoned this claim and is no longer asking the TDCJ-CID to provide sweat lodges.
[3] A kouplock is a small section of hair at the base of the skull that is grown longer than the rest of the hair, to conform with religious beliefs.

Currently, there is no ceremony available on the holy day to remember the massacred tribes.[4]

Plaintiff is suing TDCJ-CID Director William Stephens for implementing and enforcing policies that adversely affect his ability to practice his Native American faith. Plaintiff also named as a defendant Clint Morris, the Native American Program Analyst, claiming that, while plaintiff was housed at the Connally Unit in Kenedy, Texas, Mr. Morris personally violated his constitutional and statutory rights by failing to advocate for Native Americans on the unit and failed to provide even minimum religious services. However, at the evidentiary hearing, plaintiff admitted that those claims arose solely while he was at the Connally Unit.

### III. <u>LEGAL STANDARD</u>

As previously noted, plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted); <u>accord</u> <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. <u>Oliver v.</u>

---

[4] Plaintiff also complained that only five select tribes are honored during the holy day rather than *all* massacred persons and that, if a holy ceremony is permitted, he wants it to include all tribes.

<u>Scott</u>, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  <u>Id.</u>

## IV.  <u>DISCUSSION</u>

### A.    **Evaluation of plaintiff's claims under the First Amendment and RLUIPA.**

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof.  U.S. Const., amend. I.  The United States Supreme Court has held that prisoners retain their First Amendment right, including the right to free exercise of religion.  <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348 (1987).  Nevertheless, an inmate retains only those First Amendment rights which "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  <u>Pell v. Procunier</u>, 417 U.S. 817, 822 (1974). Thus, a prisoner's right to practice his religion may be limited where the prison officials establish that there is a legitimate penological objectives.  <u>Id.</u>; <u>Cruz v. Beto</u>, 405 U.S. 319, 322, n. 2 (1972) (per curiam); <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995).  "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  <u>O'Lone</u>, 482 U.S. at 349 (quoting <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)).

In <u>Turner v. Safley</u>, the Supreme Court set forth four factors that a court should consider in determining whether a reasonable relationship exists between a regulation and

the governmental interest:  (1) whether the regulation has a logical connection to the legitimate government interests invoked to justify it; (2) whether there are alternative means of exercising the rights that remain open to the inmates; (3) the impact that accommodation of the asserted constitutional right will have on other inmates, guards and prison resources; and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at *de minimus* cost to valid penological interests. Turner, 482 U.S. at 89-90; see also Chriceol v. Phillips, 169 F.3d 313, 316 (5th Cir. 1999).

The Religious Land Use and Institutionalized Persons Act ("RLUPIA"), 42 U.S.C. § 2000cc, "poses a far greater challenge than does Turner to prison regulations that impinge on inmates' free exercise of religion."  Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 858 n.1 (5th Cir. 2004).  Congress has also mandated that courts construe the RLUPIA "in favor of a broad protection of religious exercise," to the maximum extent permitted by law.  42 U.S.C. § 2000cc-3(g).   Monetary damages are not available to prisoner plaintiffs under RLUIPA.  See Sossamon v. Texas, ___ U.S. ___, 131 S. Ct. 1651, 1663 (2011).

**B.    The Odneal case.**

Similar claims to those raised by plaintiff herein were previously raised by another Native American prisoner at the McConnell Unit before this Court in  Odneal v. Pierce, Case No. 2:04-cv-454.  This Court granted summary judgment in defendants' favor on all

claims.  Plaintiff challenged on appeal only the dismissal of his RLUIPA claims before the Fifth Circuit.  See Odneal v. Pierce, 324 Fed. Appx. 297, *2-3 (5th Cir. Apr. 3, 2009).

As to the RLUIPA claims, the Fifth Circuit affirmed this Court's granting of summary judgment in defendants' favor on Odneal's claims concerning the frequency of the ceremonies, but remanded the case for consideration of the kouplock and medicine bag claims.  Odneal, 324 Fed. Appx. at *8.  After remand, the case was tried to the bench on December 13 and 14, 2010; however, Odneal was then transferred out of the TDCJ and his claims concerning the kouplock and medicine pouch were dismissed as moot. (See Case No. 2:04cv454 at D.E. 195).  Thus, the status of the law  in the Fifth Circuit is that allegations concerning the kouplock and medicine bag raise valid RLUIPA for purposes of § 1915A screening.

C.      Analysis.

Plaintiff testified as to the sincerity of his faith and claimed that TDCJ-CID's policies and practices place a substantial burden on his ability to exercise his religion. Thus, for purposes of § 1915A screening, plaintiff has stated claims under the First Amendment and RLUIPA against the TDCJ-CID Director William Stephens.  Thus, it is respectfully recommended that service be ordered on William Stephens in his official capacity as TDCJ-CID director.

Plaintiff claims that Program Analyst Clint Morris personally violated his constitutional rights while he was confined at the Connally Unit.  Plaintiff's claims against Mr. Morris are not related to or dependent on his claims against Director

Stephens, nor does plaintiff suggest that Mr. Morris could provide the declaratory and injunctive relief that he seeks through this action. Moreover, the Connally Unit is located in Karnes County, which is in the Western District of Texas, San Antonio Division, 28 U.S.C. §124(d)(4), while Mr. Morris is in Huntsville, Walker County, Texas, which is located in the Southern District of Texas, Houston Division.  28 U.S.C. § 124(b)(2). Thus, plaintiff's claims against Mr. Morris did not arise in this venue, and indeed, if served in this lawsuit, Mr. Morris could raise valid personal jurisdiction and venue arguments  that would necessitate a transfer.  Thus, it is respectfully recommended that the Court dismiss plaintiff's claims against Mr. Morris without prejudice to plaintiff filing those claims in the proper venue should he desire to do so.

## V.  RECOMMENDATION

For the reasons stated above, it is respectfully recommended that the Court retain plaintiff's First Amendment and RLUIPA claims for declaratory and injunctive relief against defendant William Stephens in his official capacity, and that service be ordered on this defendant.  It is respectfully recommended further that plaintiff's claims against Clint Morris be dismissed without prejudice.

Respectfully submitted this 17th day of July, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS of being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS of being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).