UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES LEGATE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-148 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant's motion for summary judgment. D.E. 23. On June 6, 2014, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Defendant's motion for summary judgment be granted and Plaintiff's claims be dismissed with prejudice. D.E. 43. The Magistrate Judge concluded that the TDCJ practices and policies in question impose a substantial burden on Plaintiff's free exercise of his religious rights in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA).[1] D.E. 43, p. 3. However, even a policy that interferes with a prisoner's right to practice his religion can be constitutionally enforced when it is the least restrictive means of furthering TDCJ's compelling interest in security and managing costs. *See Thunderhorse v. Pierce*, 364 Fed. Appx. 141, 146 (5th Cir. 2010). Plaintiff filed his objections on June 30, 2014. D.E. 46. Plaintiff's objections are set out and discussed below.

---

[1] 42 U.S.C.A. § 2000cc

First, Plaintiff reurges his argument that the TDCJ's refusal to allow him to have long hair or a kouplock[2] interferes with his right to practice his religion and is discriminatory towards Native Americans.  Plaintiff asserts that "the TDCJ-CID allows offenders to wear 'fads' or 'shave' their heads, even though it is against the TDCJ-CID Grooming Policy, because it is the norm for non-Native American cultures."  D.E. 46, p. 3.  Plaintiff states that "[e]ven females, that are governed under the same rules, policies and regulations that male offenders incarcerated in the TDCJ-CID, are allowed to sport their hair in whatever fashion they please, without creating a compelling governmental interest or to costly [*sic*], as the TDCJ-CID finds by allowing Legate, a Native American of the Wakashun Nation, grow his hair which is a Spiritual Belief of his Ancestor."  D.E. 46, p. 3.

To the extent that Plaintiff attempts to raise a genuine issue of material fact as to the legitimacy of the government interest in security and cost management which, the Magistrate Judge concluded, justifies TDCJ's prohibition on growing long hair, the objection is without merit.  In explaining the importance of a case-specific approach in matters such as these, the Fifth Circuit has held that "[a] prison can substantially burden a prisoner's religious exercise 'if the burden on *that* person . . . is in furtherance of a compelling government interest[] and is the least restrictive means of furthering *that* governmental interest.'"  *Chance v. Texas Dep't of Criminal Justice*, 730 F.3d 404, 411 (5th Cir. 2013) (citing 42 U.S.C. § 2000cc–1(a)).  The Fifth Circuit concluded that "the mere existence of a prison policy that differs from a past policy or another institution's

---

[2] A kouplock is a patch of hair that grows from the base of the skull.

policy does not necessarily entitle a plaintiff to survive summary judgment . . . ." *Chance*, 730 F.3d at 411.

The policies and practices which have been applied at other institutions, such as women's prisons, and in factually dissimilar situations do not establish a genuine issue of material fact in this case. Indeed, claims factually analogous to Plaintiff's have been squarely rejected by the Fifth Circuit. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) (holding that TDCJ did not violate the rights of an inmate who requested to grow his hair for reasons connected to his Native American religious practice by denying him permission to grow his hair pursuant to the grooming policy); *Thunderhorse*, 364 Fed. Appx. at 146 (holding, in an action brought by an inmate who adhered to Native American religious practices, that hair length standards are the only mechanism by which the government's interest in prison security can be meaningfully achieved). For these reasons, Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff objects to the recommendation to grant summary judgment on his sacred pipe claims. Plaintiff points out that in 1996, the TDCJ allowed inmates to smoke from an approved pipe for religious purposes. Plaintiff reasons that "[i]t is clear by the implementation of this policy, TDCJ did not consider it to be a compelling governmental interest by allowing Native American's to own their own Pipe . . . ." D.E. 46, p. 3. Plaintiff further asserts that he owned his own pipe in another TDCJ facility "and not once was [there] any form of security risk." D.E. 46, p. 4.

As the Magistrate Judge correctly observed, the fact that a current prison policy differs from a past prison policy or a policy of another institution does not necessarily

entitle a plaintiff to survive summary judgment on a RLUIPA claim.  *Chance*, 730 F.3d at 411.  "That TDCJ or other prisons have tolerated unsafe practices in the past is not a reason to permanently bind it to dangerous policy."  *Id.* at 412.

In the face of Fifth Circuit precedent squarely rejecting Plaintiff's argument that a past policy should inform current policy and competent summary judgment evidence offered by Defendant establishing that the use of personal and/or communal pipes would result in increased health risks, security risks, and costs,[3] TDCJ's current policy is the least restrictive means of conducting the pipe ceremony and does not violate Plaintiff's RLUIPA rights.  Plaintiff's second objection is **OVERRULED**.

Third, Plaintiff states that Defendant "has not established evidence of any Native American found to use his/her medicine bag to hide contraband."  D.E. 46, p. 4.  To the extent this statement constitutes an objection to the recommendation to grant summary judgment as to Plaintiff's medicine bag claims, the objection cannot be sustained.  The key inquiry here is not whether there has actually been evidence that inmates use medicine bags to hide contraband.  Rather, the focus is on the *potential* security risks and costs resulting from the additional precautions that would need to be taken if inmates such as Plaintiff were allowed to carry medicine bags outside of their cell area and at religious services.

As the Magistrate Judge observed, Defendant has offered uncontested evidence stating that allowing offenders to wear a medicine bag at all times would result in a

---

[3] *See* Report of Robert Lewis Williams, M.D., D.E. 23-3, pp. 22-24; Amended Report of Robert J. Eason, D.E. 23-3, pp, 32-43.

greater risk of harm from other offenders, would present additional work for security officials, and would ultimately cost the TDCJ $11,369.75 annually. D.E. 43, p. 30-31. In light of this evidence, Defendant has established that its policy limiting medicine bags to inmates' cells and designated religious services is the least restrictive means of furthering TDCJ's compelling interest in maintaining security and managing costs. Plaintiff's third objection is **OVERRULED**.

Finally, Plaintiff generally objects to the Magistrate Judge's finding that the challenged policies and practices are indeed the least restrictive means of furthering TDCJ's compelling interest in maintaining security and monitoring costs. In support of his objection, Plaintiff asserts that "the evidence offered by Defendant, is [*sic*] merely conclusory allegations unsupported by evidence," and he urges the Court to allow him to proceed to trial so that he can prove his claims. D.E. 46, p. 4.

As discussed above, Plaintiff has failed to establish the existence of a genuine issue of material fact. Contrary to Plaintiff's assertion, Defendant has provided a substantial amount of competent summary judgment evidence to support his claim that the policies Plaintiff challenges are the least restrictive means of furthering TDCJ's interest in maintaining health and security at the prison while managing costs. Further, Plaintiff's claims regarding smoking and/or possessing a pipe, the number of services offered by TDCJ, and wearing long hair are all squarely precluded by Fifth Circuit precedent. *See Chance*, 730 F.3d at 412-15 (affirming the constitutionality of TDCJ's policy allowing only the ceremony leader to smoke the pipe at Native American religious ceremonies and also rejecting the plaintiff's complaint about the frequency of religious

services given the limited number of volunteers to conduct such services); *Longoria v. Dretke*, 507 F.3d at 901 (holding that the TDCJ did not violate a Native American Plaintiff's religious rights under RLUIPA by denying him permission to grow his hair). With regard to Plaintiff's medicine bag claim, Defendant has established that the policy limiting medicine bags to inmates' cells and designated religious services is the least restrictive means of furthering TDCJ's compelling interest in maintaining security and managing costs through evidence such as an expert report of a TDCJ deputy director (D.E. 23-3, pp. 27-43) and an affidavit of a TDCJ senior budget analyst (D.E. 23-3, pp. 81-87). For these reasons, Plaintiff's fourth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's motion for summary judgment (D.E. 23) is **GRANTED** and this action is **DISMISSED** with prejudice.

ORDERED this 21st day of July, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE